UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANDRE WILKINSON,

    Plaintiff,

v.                                          CASE NO.: _____

PODS, INC., a Florida corporation, and
CAINE & WEINER SOUTH, LLC, a Florida
limited liability company,

                                          JURY TRIAL DEMANDED

    Defendants.
_____/

## VERIFIED COMPLAINT FOR TELEPHONE CONSUMER PROTECTION ACT VIOLATIONS

COMES NOW Plaintiff Andre Wilkinson, by and through the undersigned law firm, and sues Defendants, PODS, Inc., a Florida corporation, and Caine & Weiner South, LLC, a Florida limited liability company, and alleges as follows:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action pursuant to 47 U.S.C. § 227 *et seq.*, the Telephone Consumer Protection Act ("TCPA").

### JURISDICTION AND VENUE

2. Federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331 as Plaintiff brings claims under the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*



3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims and injuries occurred in the Middle District of Florida.

## PARTIES

4. Plaintiff, Andre Wilkinson ("Wilkinson" or "Plaintiff"). Wilkinson is a natural person resident in the City of Seminole, County of Pinellas, State of Florida, where the causes of action arose, and is a "person" as provided by 47 U.S.C. § 227(b)(1).

5. Defendant, PODS, Inc., a Florida corporation, together with its collecting agents ("PODS"), doing business in the State of Florida, is a "person" as provided by 47 U.S.C. § 227(b)(1).

6. Defendant, Caine & Weiner South, LLC, a Florida limited liability company, together with its collecting agents ("C&W"), doing business in the State of Florida, is a "person" as provided by 47 U.S.C. § 227(b)(1).

7. All conduct of Defendants alleged herein by Plaintiff was authorized, approved and/or ratified by one or more officers, directors, or managers of Defendants, and/or knew in advance that the Defendants were likely to conduct themselves and allowed them to so act with conscious disregard of the rights and safety of others. The conduct alleged herein was despicable, fraudulent, oppressive, and done knowingly with intent, with malice, and without cause.

8. The Defendants' communications set forth below were made only to exhaust the unpaying resisting Plaintiff's will in an attempt to break the Plaintiff and have Plaintiff pay amounts owed long after the Plaintiff was given all necessary information and persuasion and negotiation failed, as demonstrated by Plaintiff expressly communicating to the Defendants to stop calling Plaintiff.



9. The Defendants' communications set forth below are wholly without excuse.

10. At all times mentioned herein, the agent(s) or employee(s) of Defendants acted within the course and scope of such agency or employment, and acted with the consent, permission and authorization of Defendants. Each such entity acted as a co-actor in an enterprise to unlawfully attempt to collect debts from Plaintiff.

## FACTUAL ALLEGATIONS

11. On June 13, 2013, Plaintiff filed a petition under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") with the United Stated Bankruptcy Court for the Middle District of Florida, Tampa Division (the "Bankruptcy Case"). *See* Bankr. Case No. 8:13-bk-07796-MGW.

12. Plaintiff is alleged to owe PODS debts, including without limitation, a debt that Plaintiff and his spouse listed on Schedule F of their Bankruptcy Case, bearing account number 2738 with an unknown balance (the "Alleged Debt"), which Defendants attempted to collect from Plaintiff.

13. The Alleged Debt was incurred by It's a Small World of Seminole, LLC, a Florida limited liability company, d/b/a It's a Small World Kids Consignment (the "Company").

14. On August 27, 2012, the Company closed. The Company formally dissolved the following month.

15. Plaintiff notified Defendants that the Company was no longer active.

16. Plaintiff and Plaintiff's spouse, who was a co-debtor in Plaintiff's Bankruptcy Case, were shareholders of the Company.

17. On or about September 20, 2013, Plaintiff and Plaintiff's spouse were granted a discharge by the Bankruptcy Court, discharging the PODS debt in its entirety.



18. Several times between June 13, 2013 and the filing of this Complaint, Plaintiff explained to Defendants that the debt was listed in Plaintiff and his spouse's Bankruptcy Case and would be discharged.

19. Further, several times between September 20, 2013 and the filing of this Complaint, Plaintiff explained to Defendants that the debt had been discharged.

20. Because the debt had been listed in Plaintiff's Bankruptcy Case and had been discharged, Plaintiff told Defendants not to call him anymore on any telephone number, including his cellular phone numbers (727) 224-2604 and (727) 324-7324.

21. Despite being instructed by Plaintiff to stop calling, Defendants continued calling Plaintiff's cell phones to attempt to collect the Alleged Debt.

22. Plaintiff retained attorney Wesley Stacknick, Esq., to represent Plaintiff with respect to the Alleged Debt in February of 2013.

23. Plaintiff informed Defendants that Plaintiff was represented by an attorney and requested that any communication regarding the Alleged Debt be directed to Plaintiff's attorney.

24. Despite being aware that Plaintiff was represented by counsel and being asked to direct all communication to Plaintiff's counsel, Defendants continued calling Plaintiff's cell phones to attempt to collect the Alleged Debt.

25. Defendants made a total of more than 22 Collection Calls to Plaintiff's cell phones after Plaintiff told Defendants not to call Plaintiff on any phone number, including without limitation his cellular telephone numbers (727) 224-2604 and (727) 324-7324, with at least seven of the more than 22 calls attributable to PODS and at least 15 of the 22 calls attributable to C&W.


## COUNT I

## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *et seq.* AS TO DEFENDANT PODS

26. This is an action against PODS for violations of 47 U.S.C. § 227 *et seq.*

27. Plaintiff re-alleges and reincorporates paragraphs 1 through 25, as if fully set forth here-in.

28. PODS, in the conduct of its business, uses an automatic telephone dialing system as defined by 47 U.S.C. § 227(a)(1)(A) to communicate with Plaintiff.

29. Section 47 U.S.C. § 227(b)(1)(A)(iii) provides in pertinent part:

It shall be unlawful for any person within the United States --

(A) to make any call . . . using any automatic telephone system or an artificial or prerecorded voice --

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

30. PODS violated 47 U.S.C. § 227(b)(1)(A)(iii) when PODS (1) made multiple Collection Calls on multiple days, in multiple weeks, over multiple months, from June 13, 2013, through the filing of this Complaint to Plaintiff attempting to collect the Alleged Debt; (2) made multiple Collection Calls to Plaintiff's cell phone, for a total of more than seven Collection Calls to Plaintiff's cell phone, after Plaintiff told PODS to stop calling Plaintiff; which is PODS's use of an automatic telephone dialing system to make multiple Collection Calls to Plaintiff on Plaintiff's personal cell phone after Plaintiff told PODS that PODS did not have permission to call Plaintiff.



31. PODS willfully, knowingly, and intentionally made multiple Collection Calls to Plaintiff's personal cell phone utilizing an automatic telephone dialing system after Plaintiff told PODS that PODS did not have permission to call Plaintiff.

32. All conditions precedent to this action have occurred, have been satisfied or have been waived.

33. As a result of the above violation of the TCPA, PODS is liable to Plaintiff for actual damages, or the amount of $500.00 as damages for each violation, whichever is greater, pursuant to the TCPA, 47 U.S.C. § 227(b)(3)(B).

34. Based upon the willful, knowing, and intentional conduct of PODS as described herein, Plaintiff is also entitled to an increase in the amount of the award to treble the damages amount available under 47 U.S.C. § 227(b)(3)(B), in accordance with 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against PODS: (1) finding PODS violated the TCPA; (2) awarding Plaintiff actual damages or the amount of $500.00 in damages for each violation, whichever is greater; (3) finding PODS willfully, knowingly and intentionally violated 47 U.S.C. § 227 *et seq.* and increasing the damages award to treble the amount of damages otherwise to be entered as a judgment; and (4) awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## COUNT II

### VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *et seq.* AS TO DEFENDANT C&W

35. This is an action against C&W for violations of 47 U.S.C. § 227 *et seq.*

36. Plaintiff re-alleges and reincorporates paragraphs 1 through 25, as if fully set forth here-in.



37. C&W, in the conduct of its business, uses an automatic telephone dialing system as defined by 47 U.S.C. § 227(a)(1)(A) to communicate with Plaintiff.

38. Section 47 U.S.C. § 227(b)(1)(A)(iii) provides in pertinent part:

It shall be unlawful for any person within the United States --

(A) to make any call . . . using any automatic telephone system or an artificial or prerecorded voice --

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

39. C&W violated 47 U.S.C. § 227(b)(1)(A)(iii) when C&W (1) made multiple Collection Calls on multiple days, in multiple weeks, over multiple months, from June 13, 2013, through the filing of this Complaint to Plaintiff attempting to collect the Alleged Debt; (2) made multiple Collection Calls to Plaintiff's cell phone, for a total of more than 15 Collection Calls to Plaintiff's cell phone, after Plaintiff told C&W to stop calling Plaintiff; which is C&W's use of an automatic telephone dialing system to make multiple Collection Calls to Plaintiff on Plaintiff's personal cell phone after Plaintiff told C&W that C&W did not have permission to call Plaintiff.

40. C&W willfully, knowingly, and intentionally made multiple Collection Calls to Plaintiff's personal cell phone utilizing an automatic telephone dialing system after Plaintiff told C&W that C&W did not have permission to call Plaintiff.

41. All conditions precedent to this action have occurred, have been satisfied or have been waived.



42. As a result of the above violation of the TCPA, C&W is liable to Plaintiff for actual damages, or the amount of $500.00 as damages for each violation, whichever is greater, pursuant to the TCPA, 47 U.S.C. § 227(b)(3)(B).

43. Based upon the willful, knowing, and intentional conduct of C&W as described herein, Plaintiff is also entitled to an increase in the amount of the award to treble the damages amount available under 47 U.S.C. § 227(b)(3)(B), in accordance with 47 U.S.C. § 227(b)(3).

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against C&W: (1) finding C&W violated the TCPA; (2) awarding Plaintiff actual damages or the amount of $500.00 in damages for each violation, whichever is greater; (3) finding C&W willfully, knowingly and intentionally violated 47 U.S.C. § 227 *et seq.* and increasing the damages award to treble the amount of damages otherwise to be entered as a judgment; and (4) awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

Dated: 9/9/14

Respectfully Submitted,

**LASH & WILCOX PL**
4401 W. Kennedy Blvd., Suite 210
Tampa, FL 33609
Phone: 813.289.3200
Facsimile: 813.289.3250

THOMAS A. LASH, ESQ.
Florida Bar No. 849944
e-mail: tlash@lashandwilcox.com
Attorney for Plaintiff



## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF, ANDRE WILKINSON

STATE OF FLORIDA
COUNTY OF Pinellas

I, Andre Wilkinson, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

_____
Andre Wilkinson

The foregoing instrument was sworn to and subscribed before me this 8th day of September 2014, by Wilkinson, who is personally known to me or has produced Florida Drivers License (type of identification) as identification.

_____
Notary Public – State of Florida

My Commission Expires: July 31, 2015

> DOREEN SCHOMP
> Notary Public - State of Florida
> My Comm. Expires Jul 31, 2015
> Commission # EE 117486

